1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD S. BECKER (SBN: 113065)
JACQUELYN A. RUIZ (SBN: 319716)
CORINNE D. STERNECKERT (SBN: 342303)
LAW OFFICES OF LEONARD S. BECKER
A Professional Corporation
1728 B Street
Hayward, CA  94541-3102
Telephone: 510-886-1996
Facsimile: 510-538-8089

Attorneys for Plaintiff, Shaunette Tucker

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco and Oakland Division

|  |  |
|---|---|
| Shaunette Tucker | ) Case Number: 4:22-cv-02321-YGR |
| Plaintiff(s), | ) **Notice of Motion for Order Remanding** |
| vs. | ) **Case to State Court; and for an Order for** |
|  | ) **Payment of Costs and Attorneys Fees;** |
|  | ) **Memorandum of Points and Authorities;** |
|  | ) **Declaration; and [Proposed] Order** |
| WINDSOR HEALTHCARE CENTER OF OAKLAND, a business organization, form unknown, and DOES 1-10, | ) **Hearing Date: May 17, 2022** |
|  | ) **Time: 2:00 p.m.** |
| Defendant(s). | ) **Courtroom: 1, Fourth Floor** |
|  | ) **Judge: Yvonne Gonzalez Rogers** |

**TO THE COURT AND ALL PARTIES APPEARING OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 17, 2022, or as soon thereafter as this matter may be heard, in Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor. Plaintiff, Shaunette Tucker will move the court for an order, pursuant to 28 U.S.C. §

1447(b-c), remanding this action to the Superior Court in and for the County of Alameda and granting attorney's fees and costs to the Plaintiff.

Plaintiff hereby moves for an order of remand to the state court and for an order for payment of costs and attorney's fees and on the grounds that:

(1)     Removal is defective as it was filed untimely in violation of 28 U.S.C. §1446(b) in that it was not filed within 30 days after receipt of the initial pleading, summons, and complaint, which was filed on October 28, 2021, with service made upon the Defendant on December 8, 2021, and

(2)     Removal is improper due to the Court's lack of federal subject matter jurisdiction as follows:

        a)      The Doctrine of Complete Preemption Does Not apply therefore no federal subject matter jurisdiction exists here.

        b)      Federal Defense does not suffice to create a Federal Question for Removal when there is none embedded in the complaint.

        Plaintiff's motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

Dated: April 29, 2022                    LAW OFFICE OF LEONARD S. BECKER, APC


                                         /s/Leonard S. Becker, Esq.
                                         _____
                                         Attorney for Plaintiff

1

LEONARD S. BECKER (SBN: 113065)
JACQUELYN A. RUIZ (SBN: 319716)
CORINNE D. STERNECKERT (SBN: 342303)
LAW OFFICES OF LEONARD S. BECKER
A Professional Corporation
1728 B Street
Hayward, CA  94541-3102
Telephone: 510-886-1996
Facsimile: 510-538-8089

Attorneys for Plaintiff, Shaunette Tucker

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

San Francisco and Oakland Division

12

13

14

15

16

17

18

19

20

21

Shaunette Tucker

      Plaintiff(s),

      vs.

WINDSOR HEALTHCARE CENTER OF
OAKLAND, a business organization, form
unknown, and DOES 1-10,

      Defendant(s).

)
)  Case Number: 4:22-cv-02321-YGR
)
)
)  **Memorandum of Points and Authorities in**
)  **Support of Plaintiff's Motion for Order**
)  **Remanding Case to State Court**
)
)  **Hearing Date: May 17, 2022**
)  **Time: 2:00 p.m.**
)  **Courtroom: 1, Fourth Floor**
)  **Judge: Yvonne Gonzalez Rogers**
)
)
)

22

23

24

25

26

27

28

Page **1** of **7**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant's notice of removal is substantively and procedurally improper and, therefore, this action must be remanded to state court.  The case at bar involves a California state court lawsuit for negligence, medical negligence and wrongful death of Ronnie Reed Tucker filed by Plaintiff, Shaunette Tucker against Windsor Healthcare Center of Oakland (Windsor) in the Superior Court of California in and for the County of Alameda on October 28, 2021. Windsor is a Skilled Nursing Facility located in the state of California. Mr. Tucker died as a result of the negligence and medical negligence of Windsor in its acts and or omissions with respect to its care and treatment of decedent, Ronnie Reed Tucker.

Plaintiff sued in Alameda County Superior Court because Defendant operates it business in Oakland, California.

### STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

Plaintiff's father, Decedent, Ronnie Reed Tucker was placed at Windsor Heath Care of Oakland for rehabilitation after surgery. On October 29, 2020, Mr. Tucker passed away after complications resulting from contracting the exposure and contraction of COVID-19. As set forth in the Complaint, Plaintiff alleges medical and general negligence on the part of Windsor for:

1. Medical Negligence.  That Defendant's beginning on or about October 29, 2020, by their acts or omissions were the proximate and legal cause of damages to the Plaintiff. That Defendants were the owners, operators, managers in the business of providing long-term custodial care as a 24-hour facility and that while in the Defendant's care, Decedent Ronnie Reed Tucker was exposed to, developed and ultimately died from COVID 19 on October 29, 2020.

2. General Negligence.   That Defendant negligently and carelessly failed to provide for its patient Ronnie Reed Tucker and did not take steps to previd (sic) [prevent] COVID exposure among its residents which negligence allowed Decedent to contract COVID-19 and subsequently die.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff filed her Complaint in California State Superior Court, County of Alameda on October 28, 2021. Defendant was served Complaint on December 8, 2021. (Attached as Exhibit 1) Defendant filed and answer to said complaint on February 10, 2022.

Defendant subsequently filed its Notice of Filing of Notice of Removal to the U.S. District Court for the Northern District on April 13, 2022 in which states that allegations contained in the Complaint and Answers to Form Interrogatories, Set One give rise to a Federal question and that they  "reflect that  a "covered person" was involved "in recommended activity" relative to a "covered countermeasure" and therefore present a federal question under the PREP Act, 42 U.S.C. §§ 247d-6d, 247d-6e."  *See* **Defendant's Notice of Removal,** p. 3, ¶9.

## ARGUMENT

### I.     REMAND MUST BE GRANTED WHERE THE REMOVAL WAS PROCEDURALLY DEFECTIVE

a.   <u>Statute is to be Interpreted Strictly Against Removal.</u>

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co*., 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir. 1989). There must be no doubt that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal Time for Removal According to § 1446(b), the time for removal is 30 days from receipt of the initial pleading or summons, if an initial pleading has not been filed, or 30 days from receipt of a paper from which it is ascertainable that the action may be removed.

These seemingly straight forward and simple provisions have spawned a significant number of cases with a surprising number of different interpretations. Thirty Days from Receipt of Initial Pleading Receipt of courtesy copies before service does not trigger the 30-day period. *Murphy Bros. Inc. v. Michette Pipe Stringing Inc*., 526 U.S. 344 (1999). There is a split of authority as to whether service on a statutory agent commences the 30-day period. *Ortiz v.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Biscanin,* 190 F. Supp. 2d 1237 (D. Kan., 2002); *Monterey Mushrooms Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex., 1998) (receipt by defendant starts the period); *Calderon v. Pathmark Stores Inc.,* 101 F. Supp. 50 | The Federal Lawyer | August 2009 2d 246 (S.D.N.Y. 2000) (the 30-day period begins upon receipt of notice of service upon the secretary of state). Thirty Days from Receipt of Amended Pleading, Motion Order, or Other Paper ***assuming the initial pleading did not provide sufficient information upon which to make a good faith determination as to removability*** and a subsequent document provides that information. Several decisions hold that the clock starts ticking from the date of service of a motion to amend, *Webster v. Sunnyside* Corp. 836 F. Supp. 629, 631 (S.D. Iowa, 1993); from the date of the court order granting motion, *Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir. 1998); from the date the defendant received the proposed grant order, *Hamilton v. Hertz Corp*., 607 F. Supp. 1371, 1373–1374 (S.D.N.Y. 1985); and from the date of receipt of the amended complaint. *Miller v. Stauffer Chem. Co*., 527 F. Supp. 775, 777–778 (D. Kan. 1981).

Here, it is clear from the proof of service that Defendant was served with the Complaint on December 8, 2021, and Defendant's own motion claims that allegations contained in the Complaint, "assert a claim arising under federal law within the meaning of §1331." As such, the 30-day period began upon service of the Complaint and, therefore removal on April 13, 2022 is defective.

Plaintiff further submits that Defendant is aware that its removal is untimely and improperly attempts to remove this matter to Federal Court, placing an undue burden on Plaintiff by invoking federal court's jurisdiction. Defendant disingenuously attempts to add support to its claim with the addition of the "and Answer to Form Interrogatories." Which is an obvious attempt a manipulating the "Other papers triggering the 30-day period" which can include discovery documents, such as depositions, memoranda, offers of judgment, correspondence, stipulations, and pleadings. *Huffman v. Saul Holdings Ltd. Partn.,* 194 F.3d 1072, 1078–1079 (10th Cir. 1999) (deposition); Miller, 527 F. Supp. 777–778 (interrogatory answers*); Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994) (settlement offer); *Lior v. Sit*, 913 F. Supp. 868, 877–878 (D.N.J. 1996) (stipulation).  The rule for other papers, however, is one in which applies, as noted above, if the initial pleadings did not provide sufficient information upon which to make a good faith determination about removal. The allegations in Defendant's removal were known to

Notice of Motion and Motion to Remand; Memo of P & A in Support Thereof (4:22-cv-02321-YGR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant at the time of their receipt of the Complaint, at the time of their initial answer to the complaint, and Defendant's removal is therefore tardy and accordingly the removal from state court was procedurally defective.

A motion to remand must be filed within 30 days after the filing of the notice of removal. 28 U.S.C. 1447 (c). Accordingly, as this motion is made within 30 days of the filing of the notice of removal and the removal is defective, this court must remand the matter to state court. *Prize Frize, Inc. v. Matrix,Inc.*, (9th Cir 1999) 167 F3d 1261, 1266.

### II.    REMAND MUST BE GRANTED AS COURT LACKS SUBJECT MATTER JURISDICTION

        a.    The Doctrine of Complete Preemption Does Not Apply

In tort suits, ordinary pre-emption operates as a defense to override the state law in conflicts with federal laws, but it cannot create federal jurisdiction on its own. Defendants argue federal jurisdiction exists because plaintiff's claims present a federal question under the Prep Act, 42 U.S.C. §§247d-6d, 247d-6e (Defendant's Notice of Removal, ¶10). Further, Defendant asserts that claims alleged in the complaint are "completely pre-empted by the PREP Action sections…" (Defendant's Notice of Removal ¶13)

"Complete preemption is 'really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013). Complete preemption is an exception to the well-pleaded complaint rule wherein "the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

        Recently, the Ninth Circuit specifically held that "the PREP Act is not a complete preemption statute." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 697 (9th Cir. 2022). Accordingly, federal jurisdiction cannot exist here based on complete preemption. Remand order for lack of federal subject matter jurisdiction based upon complete preemption was proper, " notwithstanding the PREP Act's provision of an exclusive cause of action for willful misconduct.

Notice of Motion and Motion to Remand; Memo of P & A in Support Thereof (4:22-cv-02321-YGR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Saldana*, 27 F.4th at 688. Even though plaintiff's complaint includes allegations of willful misconduct, preemption cannot serve as a basis for federal jurisdiction here. *Kovacs v. Mek Norwood Pines*, LLC (E.D. Cal. 2022).

    b. <u>A Federal Defense Does Not Suffice to Create Federal Question for Removal</u>

   Under the well-pleaded complaint rule, federal question jurisdiction exists only if the plaintiff's cause of action is based on federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Neither a defense based on federal law nor a plaintiff's anticipation of such a defense is a basis for federal jurisdiction. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) ; *Bodi v. Shingle Springs Band of Miwok Indians ,* 832 F.3d 1011, 1023 n.16 (9th Cir. 2016)...*Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116 (9th Cir. 2019).

   The Supreme Court has held that merely asserting a defense that injects a federal question, such as preemption, does not transform what is plainly a state law claim, such as negligence and/or malpractice, into an action arising under federal law for purposes of removal jurisdiction. *Caterpillar v. Williams*, 482 U.S. 386 (1987). Here, Plaintiff, Shaunette Tucker's complaint alleges wrongful death arising from general and medical negligence as noted above.

   As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (alterations omitted). *Dennis v. Hart*, 724 F.3d 1249 (9th Cir. 2013).

   As such, the Defendant in this case can attempts to create a federal question that is not embedded in Plaintiff's original complaint. As no such federal question arises on the face of the complaint, this Court lacks subject matter jurisdiction, and the case must be remanded.

**III.  THE COURT ORDER THE PAYMENT OF COSTS AND ATTORNEY FEES**

 When a matter is remanded to state court, the remand order may require the payment of just costs and expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. 1447 (c). In the current matter, the notice of removal is clearly defective. Defendant's counsel knew or should have known that *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 697 (9th Cir. 2022),

Notice of Motion and Motion to Remand; Memo of P & A in Support Thereof (4:22-cv-02321-YGR)

previously decided the issue as to whether the PREP Act pre-empts the state law and provides a basis for the federal subject matter jurisdiction.

Defendant, Windsor lacks an "objectively reasonable basis for seeking removal." It is conspicuous, Defendant's failure to cite the 9th Circiut's recent decision in *Saldana v. Glenhaven Healthcare.* Nevertheless, having previously conferred with Defense counsel on delaying Defendant's Motion to Dismiss in order for the Remand to be heard, Plaintiff's counsel reached out to Defendant's counsel for a Stipulation to Remand this matter back to State Court, thus preventing the necessity of filing this Motion and the incursion of additional costs and fees. (Declaration of Leonard S. Becker). Plaintiff's did not receive a timely response, this motion followed.

§1447(c) provides that an "an order remanding [the] case to state court may require payment of costs and any actual expenses including attorney fees, incurred as a result of removal. *Martin v. Franklin Capital Corp*., 126 S. Ct. 704, 707, 711 (2005) (quoting § 1447(c)).  According, plaintiffs request costs, and attorney fees in the amount of $3,150.00 as set forth in the declaration of Leonard S. Becker, Esq. which have been incurred as a result of the improper removal.

### CONCLUSION

Since the removal is procedurally defective and substantively improper, this court should order the matter remanded to state court and require payment of the costs and fees incurred as a result of the removal.

Dated 4/29/2022                    LAW OFFICE OF LEONARD S. BECKER, APC


                                   /s/Leonard S. Becker, Esq.
                                   _____
                                   Attorney for Plaintiff

LEONARD S. BECKER (SBN: 113065)
JACQUELYN A. RUIZ (SBN: 319716)
CORINNE D. STERNECKERT (SBN: 342303)
LAW OFFICES OF LEONARD S. BECKER
A Professional Corporation
1728 B Street
Hayward, CA  94541-3102
Telephone: 510-886-1996
Facsimile: 510-538-8089

Attorneys for Plaintiff, Shaunette Tucker

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco and Oakland Division

|  |  |
|---|---|
| Shaunette Tucker | ) Case Number: 4:22-cv-02321-YGR |
| Plaintiff(s), | ) **Declaration of Leonard S. Becker, Esq. in Support of Plaintiff's Motion for Order Remanding Case to State Court** |
| vs. | ) |
| WINDSOR HEALTHCARE CENTER OF OAKLAND, a business organization, form unknown, and DOES 1-10, | ) **Hearing Date: May 17, 2022** <br> ) **Time: 2:00 p.m.** <br> ) **Courtroom: 1, Fourth Floor** <br> ) **Judge: Yvonne Gonzalez Rogers** |
| Defendant(s). | ) |

I, Leonard S. Becker, declare and State as follows:

1. I am and at all times here in was a citizen of the United States, a resident of Contra Costa County, California and am over the age of 18 years. I submit this Declaration in support of

Page **1** of **3**
DECLARATION RE MOTION TO REMAND (4:22-cv-02321-YGR)

Plaintiff's Motion for Order Remanding Case to State Court. If called as a witness, I would and could testify competently to the following facts.

2.   Attached hereto as Exhibit 1 is a true and correct copy of the Proof of Service of Complaint on Defendant in the underlying action, served December 8, 2021.

3.   On April 12, 2021, my office was electronically served with Notice of Filing of Notice of Removal to U.S. District Court for the Northern District of California in this matter. In response to that notice our office has been required to do significant amounts of work and research in response and preparation for a Motion for Remand, which would be required within 30 days of receipt of said notice.

4.   On April 18, 2021, our office was served with a Motion to Dismiss, which Motion has a shorter timeline for response of 14 days. Requiring additional research, analysis, and preparation.

5.   On April 28, 2022, my office reached out to Defense counsel via telephone to request a stipulation to extension of time to Respond to the Motion to Dismiss and to discuss our Motion to Remand. This conversation was followed up by an email to Defense Counsel.

6.   On April 29, 2022, my office reached out to Defense counsel via telephone and left a message requesting that Defense counsel stipulation to the Remand to State Court in order to avoid this filing. Our office has not, as of this time received a response.

7.   As a result of Defendant's lack of objectively reasonable basis for removal to Federal Court, Plaintiff has incurred costs and attorney's fees as follows:

   a.   My hourly rate is $800.00 per hour in State Court, which is a customary rate for an attorney of my nearly 39 years of experience and in the local area.

   b.   I have spent approximately 1.5 hours on this Motion for Remand including reviewing Removal Notice and research documents, reviewing and editing pleadings, analysis, and drafting declaration.

   c.   The hourly rate for my associate attorney, Corinne D. Sterneckert, is $300.00 per hour which is customary in the local area.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    d.  My associate Corinne D. Sterneckert spent approximately 6.5 hours on this Motion for Remand, including, reviewing Defendant's Removal Notice, research, drafting motion, memorandum, editing, filing, phone calls and emails with opposing counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on April 29, 2022, at Alameda County, California.

/s/ Leonard S. Becker

_____

Attorney For Plaintiff

# EXHIBIT 1

# EXHIBIT 1

(4:22-cv-02321-YGR)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF LEONARD S. BECKER  SBN 113065 <br> 1728 B ST. <br> HAYWARD A 94541 <br><br> TELEPHONE NO.: 510-886-1996      FAX NO. *(Optional):* 510-538-8089 <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* SHAUNETTE TUCKER | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Alameda <br> 12/13/2021 at 09:29:56 AM <br> By: Anthony Zapotoczny, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
| STREET ADDRESS: 24405 AMADOR ST. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: HAYWARD CA 94544 |
| BRANCH NAME: HAYARD HALL OF JUSTICE |

| PLAINTIFF/PETITIONER: SHAUNETTE TUCKER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WINDSOR HEALTHCARE CENTER OF OAKLAND, does -1-20 | 21-CV001649 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [X] Alternative Dispute Resolution (ADR) package

   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [X] other *(specify documents):* CMC NOTICE OF HEARING, CM-110

3. a. Party served *(specify name of party as shown on documents served):*
    WINDSOR HEALTHCARE CENTER OF OAKLAND

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Amandeep Kaur Office Manager and Authorize to received service of process.

4. Address where the party was served:
   2919 FRUITVALE, OAKLAND CA 94602

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* 12/08/21      (2) at *(time):* 11:15AM

   b. [ ] **by substituted service.** on *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1)[ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2)[ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3)[ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4)[ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or [ ] a declaration of mailing is attached.

     (5)[ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

(4:22-cv-02321-YGR)

POS-010

| PLAINTIFF/PETITIONER: TUCKER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WINDSOR HEALTHCARE CENTER OF OAKLAND | 21CV001649 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* WINDSOR HEALTHCARE CENTER OF OAKLAND
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name: FRED TATE

   b. Address: RGM 22568 MISSION BLVD STE 426, HAYWARD CA 94541

   c. Telephone number: 510-635-1059

   d. **The fee** for service was: $ 65.00

   e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☒ a registered California process server:

         ☐ owner     ☐ employee     ☒ independent contractor.

         (ii) Registration No.: 1555

         (iii) County: ALAMEDA

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/08/21

FRED TATE
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 2 of 2 |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF LEONARD S. BECKER SBN 113065<br>1728 BST.<br>HAYWARD CA 94541<br><br>TELEPHONE NO.: 510-886-1996   FAX NO. *(Optional)*: 510-538-8089<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* SHAUNETTE TUCKER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 AMADOR ST.
MAILING ADDRESS:
CITY AND ZIP CODE: HAYWARD CA 94544
BRANCH NAME: HAYWARD HALL OF JUSTICE

PETITIONER/PLAINTIFF: SHAUNETTE TUCKER
RESPONDENT/DEFENDANT: WINDSOR HEALTHCARE CENTER OF OAKLAND

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>21-CV-001649 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   22568 MISSION BLVD STE 426, HAYWARD CA 94541

3. On *(date):* 12/08/21   I mailed from *(city and state):* HAYWARD
   the following **documents** *(specify):*
   SUMMONS, COMPLAINT,ADR PACKAGE, CMC NOTICE OF HEARING, CM-110

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: WINDSOR HEALTHCARE CENTER OF OAKLAND
   b. **Address** of person served:
      2919 FRUITVALE,OAKLAND CA 94602

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/08/21

FRED TATE
*(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)*   *(SIGNATURE OF PERSON COMPLETING THIS FORM)*

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005]   **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)**   Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

1

## CERTIFICATE OF SERVICE

2         I am employed in the County of Alameda, State of California. I am over the age of 18 and

3 not a party to the within action; my business address is 1728 B Street Hayward, California

4 94541.

5         On April 29, 2022 I served a copy of the following document(s): **Notice of Motion for**

6 **Order Remanding Case to State Court; and for an Order for Payment of Costs and**

7 **Attorneys Fees; Memorandum of Points and Authorities; Declaration; and [Proposed]**

8 **Order on Motion for Order Remanding Case to State Court, Filed by Plaintiff, Shaunette**

9 **Tucker** with the Clerk of the court using the CM/EMF system, which will then be sent

10 Electronically to the registered participants as identified on the Notice of Electronic Filing and

11 paper copies will be sent by first class mail to any counsel of record indicated as non-registered

12 participants.

13         STATE: I declare under penalty of perjury under the laws of the State of California that

14 the above is true and correct.

15         FEDERAL: I declare under penalty of perjury under the laws of the United States that the

16 foregoing is true and correct, and that I am employed in the office of a member of the bar of this

17 court at whose direction the service was made.

18         Executed on April 29, 2022.

19

20         Bryan S. Vix

21

22 Attorney for Defendant:
David Zarmi (California Bar No. 245636)

23 8950 W. Olympic Blvd., Ste. 533
Beverly Hills, California 90211

24 davidzarmi@gmail.com

25

26

27

28